THOMAS et al. v. LUKENS.

(Circuit Court of Appeals, Fourth Circuit. April 17, 1919.)

No. 1686.

1. EJECTMENT ⬡9(3)—TITLE TO SUPPORT ACTION.
   In ejectment, plaintiff must recover on the strength of his own title, and not on the weakness of the defendant's title.
2. PUBLIC LANDS ⬡186—PATENT NOT TITLE SUPPORTING EJECTMENT AS TO LANDS PREVIOUSLY GRANTED.
   A patent to land executed by the Governor of West Virginia held void under the Constitution and statutes of the state, and not sufficient to support an action of ejectment, on the ground that a valid conveyance of the state's title had previously been made to another.

In Error to the District Court of the United States for the Northern District of West Virginia, at Elkins; Alston G. Dayton, Judge.

Ejectment by Edward L. Thomas and others against Charles Edward Lukens. Judgment for defendant, and plaintiffs bring error. Affirmed.

This is an action of ejectment, instituted in the United States District Court for the Northern District of West Virginia, to recover from the defendant 207 acres of land situated in Randolph county, W. Va. The 207 acres consist of two smaller tracts, one for 163, and the other for 44, acres. These two tracts are a part of original tract of 500 acres that had been conveyed by George W. Yokum, commissioner of school lands for Randolph county of that state, to George W. Harmon by deed dated October 28, 1879.

The plaintiffs base their right to recover upon a paper in the nature of a grant from Jacob B. Jackson, Governor of West Virginia, to Frederick Fickey, Jr., and Edward L. Thomas, dated October 21, 1883, in which it was recited that the grant was made by virtue of the authority of chapter 50 of the Acts of 1883, and which purports to convey 2,000 acres situated in Randolph county. The 2,000-acre tract overlaps the 500-acre tract to the extent of 207 acres, which constitutes the 207-acre tract as above stated. It is conceded that whatever title the plaintiffs have to the 2,000 acres is by will from Frederick Fickey and the descendants of Edward L. Thomas, both of whom are now dead. The issues were made up in the usual manner; the case was tried; a jury was impaneled; a large portion of the evidence was condensed by reason of stipulations entered into by plaintiffs and defendant. Plaintiffs offered in evidence a stipulation in writing, also description of patent, a survey, and the deed book from the clerk's office, Randolph county, showing the recordation of such patent. Plaintiffs then rested their case. Defendant, by counsel, moved to strike out all the plaintiffs' evidence. The court took the motion under advisement, stating that he would reserve an opinion on judgment until a later time in the trial, at which time the defendant introduced the deed of George W. Yokum, commissioner of school lands, to George Harmon, and the court proceeding on which it was based, showing that the land therein conveyed had been waste and unappropriated land. Counsel for plaintiffs admitted that these proceedings were regular, and waived introduction of same. Then defendant offered his stipulation in writing, which shows a number of deeds, so as to form a complete chain of title for such tract of land from the

original deed by George W. Yokum, the commissioner, down to the beginning of this suit, after which defendant requested the court for a final ruling upon the motion to exclude the plaintiffs' evidence. The jury was withdrawn, and the motion argued whereupon the court sustained such motion, excluding plaintiffs' evidence, and directed a verdict for the defendant.

E. D. Talbott, of Elkins, W. Va. (Talbott & Hoover, of Elkins, W. Va., on the brief), for plaintiffs in error.

C. O. Strieby, of Elkins, W. Va., for defendant in error.

Before PRITCHARD and KNAPP, Circuit Judges, and ROSE, District Judge.

PRITCHARD, Circuit Judge (after stating the facts as above). [1] It is a well-settled rule that a plaintiff in a suit of this character is required to recover on the strength of his own title. In other words, he cannot rely upon the weakness of defendant's title, and until he shows a legal title to the land involved he is not entitled to recover.

In Reusens v. Lawson, 91 Va. 226, 21 S. E. 347, it is held:

"In an action of ejectment the plaintiff must recover on the strength of his own title, and if it appear that the legal title is in another, whether that other be the defendant, the commonwealth, or some third person, it is sufficient to defeat the plaintiff."

[2] Counsel for defendant insist that the plaintiffs' grant is void upon the ground that, at the time same was issued, the title had passed from the state by virtue of the land commissioner's sale, and was then vested in the defendant. It was incumbent upon the plaintiffs as a first step in the proceeding to show they derived title from the state, and this they did not do, inasmuch as the title, as we have said, had passed from the state to the defendant by virtue of the land sale. The learned judge who heard this case in the court below, among other things, in referring to the questions involved, said:

"At the beginning of this trial, when the plaintiffs offered in evidence a copy of the grant to Fickey and Thomas, dated the 31st day of October, 1883, the defendant objected to the admission thereof, substantially for three reasons: First—because the copy tendered was not properly verified. Second—because such grant had been issued without legal authority and in contravention of article 13, § 4, of the Constitution of the state; the legislative act of the 22d day of February, 1883, by authority of which such grant purports to have issued, being unconstitutional. Third—that the issuance of such grant was limited by an exception of such legislative act, set forth at the end thereof, to the effect that no grant made under it would affect any title derived from sale made by a court of school lands of waste, unappropriated, or forfeited lands; that in 1879, three years before, the commissioner of school lands had, in regular judicial proceedings, sold the land in controversy to George Harmon, under whom, by mesne conveyances, the defendant now holds title and possession; that therefore this act of 1883, if constitutional, by reason of this exception embodied in it, did not authorize the issuance of this grant and it was and is therefore void. * * *

"On the other hand, plaintiffs, while admitting possession of the land to be in defendant, tender to show by legal evidence that his title under his school commissioner deed of 1879 has become forfeited under chapter 105 of the Code, by reason of the omission of the land from the land books and nonassessment of taxes thereon for five consecutive years, by reason whereof, it is insisted, defendant's older title has become vested in them by reason of their junior title under the grant and by devise and inheritance.

"As I view the matter, the crucial question for me first to determine is the legality of the 1883 grant or patent to Fickey and Thomas, the foundation of plaintiffs' claim of title. While it may be pure dicta in the case, I am convinced that Judge Brannon's discussion of the purpose, intent and effect of the constitutional provisions contained in article 9, § 2, of the Constitution of 1863, and article 13, §§ 2, 4, of the present (1872) Constitution of the state, set forth in State v. Harman, 57 W. Va. 447, at page 460, 50 S. E. 828, is entirely correct in fact and conclusion—that is to say: That both of these provisions were enacted to change in toto the old Virginia system by warrant, entry, survey, and grant, for the disposition of waste, unappropriated, and forfeited lands vested in the state, and substitute therefor a system by which, through the intervention of judicial proceedings, a sale thereof would be required, the proceeds thereof to go to the state school fund; that while the constitutional provision of 1863 made an exception in favor of entries made prior to 1863, the article of the 1872 (present) Constitution, by reason of its omission of this exception and by virtue of its other provisions exclusive in effect, made this judicial sale method the sole and only way by which these waste, unappropriated, and forfeited lands. vested in the state, could thereafter be disposed of, and finally and completely negatived all right or power on the part of the Legislature to provide for their disposition by grant or otherwise. * * *

"However, it seems to me very clear that under the exception and limitation contained in this act that at the time this patent issued in 1883 the Governor of the state was without power or authority to act in the premises, and its issue was wholly illegal, and the grant itself must be held therefore null and void, and this for the reason that the land had been sold in 1879 in regular judicial proceedings by the school commissioner, and by him conveyed to Harmon, the purchaser, and was not, therefore, subject to grant under the terms and intent of the act.

"This sale and conveyance, thus provided for by the Constitution, it has been well settled in this state, constituted such deed in effect a substantial new grant of title from the state itself, and entitled the purchaser to have the land assessed in his own name, regardless of any delinquencies on the part of any former owner in the matter of assessment and payment of taxes, and entirely cut off any such former owner's right of redemption; and such title so vested in the purchaser could not be forfeited until he had thereafter allowed it to be omitted from the land books and nonassessed with taxes for five consecutive years. No such forfeiture had or could have accrued at that time, 1883, when the Governor attempted to make this grant, for only three assessment years had intervened since the purchaser, Harmon, had obtained his title from the school commissioner proceeding; and this act of 1883 could not under its exception be made applicable to affect this land after it has been the subject of such judicial sale in school commissioner proceedings.

"The ultra vires act of the Governor in issuing the grant rendering it void ab initio, its validity could not be subsequently established by any delinquency of Harmon or his subsequent grantees in allowing his good title to become forfeited. If he or they did so allow it to be forfeited, the land thereby again vested in the state, to be again sold under another school commissioner proceeding. unless the state should elect to allow him or them to redeem by payment of taxes, damages, and costs. This right to redeem the state could elect to refuse, but in practice in this state it is always allowed. I therefore conclude that Fickey and Thomas, in 1883, could not and did not secure either title or color of title, by reason of constitutional inhibition and the limitation in the act of 1883, and that the grant seeking to give them title was entirely null and void. The plaintiffs here are the heirs at law and trustees of these two men; they can recover only on the strength of their own title, and not upon the weakness of the defendant's. They have no other paper writing, from any one, upon which to base a claim of color of title, and if this grant, although void for the purpose of securing legal title, should be held nevertheless sufficient to confer upon them color of title, such color of title can avail them nothing, unless accompanied with proof of ten years open, notorious, exclusive, and adverse possession under the law of this state. Such evidence of possession they admit cannot be produced by them. This being so,

it would be clear error to allow them to assail defendant's title by showing it to be forfeited, and it becomes unnecessary to protract the trial by either permitting or requiring the defendant to introduce evidence as to his possession. The plaintiffs cannot recover, because they have no legal title to the land and no color of title supported by the required possession. This being true, the defendant need prove nothing as to his title."

The foregoing is a fair statement of the contentions of the parties, and we think the legal conclusions based thereon are correct. Therefore we do not deem it necessary to enter into an extended discussion of the questions involved, other than to say that we have carefully considered the cases relied upon by defendant, but are of the opinion that they do not apply to the case at bar.

A careful consideration of the provisions of the Constitution of West Virginia relating to land, and the statutes passed in pursuance thereof, clearly show, as we have stated, that at the date of the issuance of the grant the state did not possess title to this land.

For the reasons stated, judgment of the lower court is affirmed.

Affirmed.